UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BETH ARNOLD, ) | Civil Action No.: 4:08-cv-2617-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| LOWE'S HOME IMPROVEMENT, LLC; ) | |
| LOWE'S HOME CENTERS, INC; and ) | |
| LOWE'S COMPANIES, INC d/b/a ) | |
| "Lowe's Home Improvement Store # 603; ) | |
| SANDRA BRANDON, MICHAEL ) | |
| ARMSTRONG, and SABRINA REED, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.      INTRODUCTION**

Plaintiff brings this case pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq. She also brings state law claims for infliction of emotional distress, wrongful discharge, and breach of contract. Presently before the Court are Defendants' two Motions to Dismiss (Documents # 6, 8). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because this motion is dispositive, this Report and Recommendation is entered for review by the district judge.

**II.     DISCUSSION**

Plaintiff filed this action on July 21, 2008, and summonses were issued to Plaintiff by the Court on July 23, 2008. To date, Defendants have not been served with the Summons and Complaint. On December 9, 2008, Defendants filed a Motion to Dismiss for Insufficiency of Service of Process

pursuant to Rules 12(b)(5) and 4(m), Fed.R.Civ.P.

Rule 4(m), Fed.R.Civ.P., provides in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The Fourth Circuit has held that "Rule 4(m) requires that good cause be shown for obtaining an extension." Mendez v. Elliot, 45 F.3d 75, 80 (4th Cir. 1995) (citing Shao v. Link Cargo (Taiwan) Ltd., 986 F.2d 700, 708 (4th Cir.1993)); see also Shaw v. Beaufort County Sheriff's Office, No. 07-2076, 2008 WL 4889111 (4th Cir. Nov. 13, 2008).

Plaintiff has not shown good cause for her failure to serve the complaint within 120 days of its filing as required by Rule 4(m). In fact, Plaintiff has failed to file anything in this case since July 23, 2008. Plaintiff did not file a response to either of Defendants' Motions.[1] Accordingly, dismissal without prejudice pursuant to Rule 4(m) is appropriate here.

## III.    CONCLUSION

In light of the above analysis, it is recommended that Defendants' first Motion to Dismiss (Document # 6) be granted and this case dismissed without prejudice pursuant to Rule 4(m), Fed.R.Civ.P. In the alternative, it is recommended that Defendants' second Motion to Dismiss

---

[1] Defendants' second Motion to Dismiss followed from Plaintiff's failure to respond to the first Motion. Plaintiff's failure to respond to either Motion makes dismissal for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P., appropriate as well. It is noted that Plaintiff's counsel was placed on interim suspension for a period of no longer than nine months by the South Carolina Supreme Court on April 3, 2009. See In re Schelin, 675 S.E.2d 721 (S.C. 2009). However, this suspension came long after the 120 day deadline to serve the complaint or the deadlines to file responses to the Motions to Dismiss.

(Document # 8) be granted and this case dismissed without prejudice pursuant to Rule 41(b), Fed.R.Civ.P.

                                                                  s/Thomas E. Rogers, III
                                                                 Thomas E. Rogers, III
                                                                 United States Magistrate Judge

June 3, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the attached page.**