UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BETH ARNOLD, | ) Civil Action No.: 4:08-cv-2617-RBH |
| Plaintiff, | ) |
| -vs- | ) |
| | ) **O R D E R** |
| LOWE'S HOME IMPROVEMENT, LLC; | ) |
| LOWE'S HOME CENTERS, INC; and | ) |
| LOWE'S COMPANIES, INC d/b/a | ) |
| "Lowe's Home Improvement Store # 603; | ) |
| SANDRA BRANDON, MICHAEL | ) |
| ARMSTRONG, and SABRINA REED, | ) |
| Defendants. | ) |

The plaintiff, represented by counsel, filed her Complaint in this action on July 21, 2008, alleging violations of Title VII, the Age Discrimination in Employment Act, and state law claims. The Clerk duly issued Summones for service; however, service was not effected. On December 9, 2008, Defendants filed a motion to dismiss for insufficiency of service of process. No response was filed to the motion. On January 14, 2009, Defendants filed a motion to dismiss pursuant to Local Rule 7.06 based on the fact no response was filed to the motion to dismiss.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). Magistrate Judge Rogers recommends that the defendant's motion to dismiss for insufficiency of service of process be granted and the case dismissed without prejudice on the basis that the plaintiff has not shown good cause for her failure to timely serve the complaint pursuant to Fed. R. Civ. P.

1

4(m). In the alternative, he recommends that the motion to dismiss pursuant to Local Rule 7.06 be granted and the case dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## *SCOPE OF REVIEW*

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## *ANALYSIS*

The plaintiff has filed "Written Objections and Request for DeNovo Review, and Motion to Extend Time." In her objections she indicates that her attorney was suspended and that she has now retained counsel who is prepared to comply with the court's procedures. She attaches an affidavit in which she details her efforts to contact her prior attorney and her contact with the South Carolina Office of Disciplinary Counsel and the Clerk of this Court. Plaintiff's new counsel asserts that he has shown good cause to extend the deadline for service on the basis of the inattentiveness of prior counsel. He further contends that this Court has the discretion to allow late service of the lawsuit, even where good cause has not been shown, where the statute of limitations has run on some or all

2

of the claims. Defendants contend in their response to the objections that the plaintiff must still show good cause in this Circuit and that she cannot do so because the failure to serve the summons and the failure to respond to the motions all occurred before the attorney was suspended. They also assert that the plaintiff is bound by the actions of her attorney and that she herself was also at fault for not properly pursuing her case.

Fed. R. Civ. P. 4(m) provides in pertinent part:

If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . .

Courts have held that "[i]gnorance of the rule, . . . office moves or personal problems, . . . [and] inadvertence of counsel" do not constitute "good cause" under Rule 4(m). 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 (3d ed. 2002). Courts have consistently held that parties are held accountable for the actions of their lawyers. The United States Supreme Court explained in *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633-634 (1962) that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposed an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *See also, Pioneer Investment Serv. Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 396-97 (1993). Therefore, the plaintiff has not shown good cause on the basis of the mistakes of her counsel to entitle her to additional time for service.

The Court will next address the plaintiff's argument that the Court in its discretion has the

3

authority to allow late service in its discretion even in the absence of good cause. In *Mendez v. Elliot*, 45 F.3d 75 (4th Cir. 1995), the Fourth Circuit Court of Appeals in a published opinion required a showing of good cause for a failure to serve a lawsuit within 120 days after filing. However, the United States Supreme Court in *Henderson v. United States*, 517 U.S. 654, 658, n.5 (1996), in *dictum*, cited the Advisory Committee Notes to the 1993 amendments to Rule 4 and stated that "Rule 4(m) . . . permits a district court to enlarge the time for service 'even if there is no good cause shown.'" Two panels of the Fourth Circuit in unpublished decisions have indicated that the district court has the authority in its discretion to extend the time in the absence of good cause in spite of *Mendez. See Scruggs v. Spartanburg Regional Medical Center*, 198 F.3d 237 (4th Cir. 1999); *Giacomo-Tano v. Levine*, 199 F.3d 1327 (4th Cir. 1999).

Several district judges within the Fourth Circuit have determined that they have authority to grant an extension of time for service past the 120 days without a showing of good cause.[1] For example, in *Bruce v. City of Wheeling*, 2008 WL 4763274 (N.D. W.Va. 2008), United States District Judge Frederick P. Stamp, Jr. observed among other things that the relevant events in *Mendez* took place before the effective date of the 1993 amendment to Rule 4(m). Also, *Mendez* was decided before the United States Supreme Court decided *Henderson*. Additionally, the court cited the recent unpublished cases in the Fourth Circuit above that allow the time for service to be extended without a showing of good cause. On the basis of the reasoning above, the court concludes

---

[1] Treatises have also recognized that courts may grant extensions under Rule 4(m) without a showing of good cause. "The 1993 amendments to Rule 4 lent further definition to the relationship between the 'excusable neglect' standard in Rule 6(b)(2) and the 'good cause' standard in Rule 4 because the Advisory Committee Note to Rule 4(m) seems to authorize the district court to grant extensions even in the absence of 'good cause'." 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1166 (3d ed. 2002).

4

that it has the authority to grant the plaintiff's motion to extend the time for service in the absence of good cause.

One of the factors for consideration by the court in determining whether to grant an extension where good cause has not been shown is whether the defendant could raise the statute of limitations as a defense to a subsequent lawsuit. The Advisory Committee Notes to the 1993 amendments to the rule specifically provide that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action. . ." Some of the other pertinent factors are whether the defendant would suffer prejudice and whether the defendant had notice of the lawsuit. *Bruce*, 2008 WL 4763274 at \*5. In the case at bar, the statute of limitations would appear to bar some of the plaintiff's claims if the case is dismissed. The defendant argues prejudice based on stale witness testimony with the passage of time. However, the court does not believe that the passage of time in the two and one-half years since the events occurred outweighs the "miscarriage of justice" argued by the plaintiff in her action being barred by the statute of limitations. In addition, the defendants were aware of the claim as shown by their filing the motions now before the court. Therefore, the court exercises its discretion and denies the motion to dismiss for insufficiency of service of process.

The Court also denies the motion to dismiss based on failure to respond to the first motion to dismiss, in effect a motion to dismiss for failure to prosecute. The plaintiff has now in effect responded to the motion to dismiss by filing the Objections to the Magistrate's Report. Dismissal for failure to prosecute is a harsh sanction and the court does not find the facts in the case at bar to warrant it.

The Court has reviewed the objections, the Report, and the record. The Court respectfully

declines to adopt the Report for the reasons stated herein. The defendants' motions to dismiss are denied. The plaintiff's deadline for serving the within lawsuit on the defendants is extended for fourteen days from the filing date of this order.

**AND IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, S.C.
September 24, 2009